**HAIN PURE FOOD CO., INC., Plaintiff,**

v.

**SONA FOOD PRODUCTS COMPANY, Defendant.**

Civ. A. No. 76–3379–AAH.

United States District Court,
C. D. California.

May 19, 1980.

Lyon & Lyon, James W. Geriak, James J. Short, Coe A. Bloomberg, William L. Respess, Los Angeles, Cal., for plaintiff.

Fulwider, Patton, Rieber, Lee & Utecht, Francis A. Utecht, Long Beach, Cal., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAUK, District Judge.

Plaintiff's motions for an accounting and attorney's fees having come on for hearing on May 5, 1980, the showings of plaintiff and defendant having been considered and oral argument having been had, the Court hereby makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. Defendant's profit on sales of its products which infringed plaintiff's trademark, trade dress and label was in excess of $50,000. and an appropriate damage award to plaintiff is $50,000.

2. Plaintiff's accounting costs for the investigation of certain financial and sales records of the defendant by Mr. John Holder were $7,289.

3. Plaintiff's attorney's fees in uncovering the contempt of defendant were $2,250.

4. Plaintiff is entitled to attorney's fees of $2,750. for the preparation and argument of its motions for an accounting and attorney's fees.

5. Defendant failed to stop its sales of infringing product following the entrance of this Court's Order and Injunction of January 30, 1978.

6. Defendant failed to file a statement of its sales and profits within 30 days of this Court's Order and Injunction of January 30, 1978, as required by the Order and Injunction.

7. Defendant failed to pay the accounting costs required by this Court's Order and Injunction of January 30, 1978.

8. Defendant refused to honor its agreement to pay the accounting costs of Hain's accountant Mr. John Holder.

9. Plaintiff's annual sales are approximately ten times as large as those of defendant, and plaintiff realized certain economies of scale, as contrasted with defendant, because of this difference in total annual sales.

10. Had plaintiff made sales equal in volume to the infringing sales of defendant, its profits would have been $163,062.35.

11. Defendant's sales of infringing products less the cost of goods for such products was $125,549.

12. Sona's sales of infringing product totaled $465,963.80; its sales of infringing safflower oil were $445,685.20, its sales of infringing mayonnaise were $10,670. and its sales of infringing margarine were $9,608.60.

13. Defendant spent $5,828.57 in advertising its infringing products.

14. When defendant adopted plaintiff's label, trademark and trade dress, its sales of such infringing products increased dramatically; when defendant stopped infringing, its sales of such products decreased dramatically.

15. This is an exceptional case and the award of attorney's fees is justified.

## CONCLUSIONS OF LAW

1. This Court's prior Findings of Fact and Conclusions of Law previously rendered in this case on January 30, 1978 are equally applicable here and are hereby incorporated by reference.

2. Defendant has acted in contempt of this Court's January 30, 1978 Injunction and Order.

3. Plaintiff is entitled to an amount of $50,000. as damages from defendant's sale of infringing products.

4. Plaintiff is entitled to $5,000. in attorney's fees, $2,250. for uncovering the contempt of defendant and $2,750. for preparing and arguing its motions for an accounting and attorney's fees.

5. Plaintiff is entitled to the costs of its accountant of $7,289.

6. Plaintiff is entitled to $1,000. for corrective advertising.

7. Plaintiff is entitled to $500. punitive damages.

8. Plaintiff is entitled to its costs.

9. Plaintiff is entitled to 7% per annum on the amount of the judgment above, which totals $63,789. Interest charges are to be measured at $4,465.23 per year and $12.23 per day from the date of entrance of the judgment in this case.

10. Plaintiff's motion for its attorney's fees expended before January 30, 1978 is denied.

11. Plaintiff's motion for interest on unliquidated damages is denied.

## JUDGMENT

This action came on for hearing on May 5, 1980 before the Court, Honorable A. Andrew Hauk, District Judge presiding, on plaintiff's motion for an accounting and for attorney's fees. The issues having been duly heard and a decision having been duly rendered, in accordance with this Court's Findings of Fact and Conclusions of Law,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. Defendant has infringed the trademark, trade dress and label of plaintiff.

2. Defendant has competed unfairly with plaintiff.

3. Plaintiff has been damaged by the wrongful acts of defendant.

4. Defendant shall pay to the plaintiff the sum of $50,000. to compensate the plaintiff as damages due to defendant's infringement.

5. Defendant shall pay to the plaintiff the sum of $7,289. to compensate plaintiff for the accounting fees of Mr. John Holder.

6. Defendant shall pay to the plaintiff the sum of $1,000. to compensate the plaintiff for the expenses of corrective advertising.

7. Defendant shall pay to the plaintiff the sum of $5,000. to compensate the plaintiff for its attorney's fees in uncovering the contempt of defendant and in preparing and arguing plaintiff's motions heard on May 5, 1980.

8. Defendant shall pay to the plaintiff the sum of $500. as punitive damages.

9. Plaintiff shall recover its costs of this action.

10. Plaintiff shall recover 7% per annum on the amount of the judgment above; interest charges are to be measured at $4,405.23 per year and $12.23 per day from the date of the entrance of this judgment.

11. Plaintiff's motion for its attorney's fees expended before January 30, 1978 is denied.

12. Plaintiff's motion for interest on unliquidated damages is denied.

## MEMORANDUM

This Memorandum is supplied in accordance with Local Rule 7(h). Article 15 of the California Constitution Section 1 sets the legal rate of interest on a judgment at 7% per annum. Application of the interest rate to the total judgment in this case produces interest charges of $4,465.23 per year or $12.23 per day.